IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 6:22-cr-00612-DCC-4 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Marion Demonte Wilson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant's Motion to Clarify Judgment for Good Cause Shown. ECF No. 538.

On September 6, 2023, Defendant pled guilty to Counts 1 and 31 of the Superseding Indictment. ECF Nos. 366, 368. Specifically, Count 1 charged Defendant with a violation of 18 U.S.C. §§ 1343 and 1349 and Count 31 charged Defendant with a violation of 21 U.S.C. §§ 841(a)(1)B) and 841(b)(1)(D). *Id.* The Court subsequently sentenced Defendant to 100 months as to Counts 1 and 31 to run concurrently. ECF Nos. 451, 453. Defendant's sentence was also to run concurrently with his previously imposed sentence ordered in 8:20-cr-787 on April 19, 2019. *Id.*

In his Motion, Defendant contends that the judgment of the Court conflicts with the calculation of Defendant's sentence by the Bureau of Prisons ("BOP").[1] ECF No. 538 at 2. Defendant cites to the BOP's calculation of Defendant's "total term in effect" of 10 years, 4 months, and 8 days, which he posits is in excess of the 100-month sentence imposed by the Court. ECF No. 538-2 at 2. However, the "total term in effect" includes

---

[1] The Court notes that while the district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). As such, the computation of credit for time served are uniquely within the BOP's authority. *Id.*

not only the 100-month sentence imposed in this case, but also Defendant's sentence from his prior case, 8:20-cr-787.  In his prior case, Defendant was to surrender to Bureau of Prison custody to begin his sentence, but prior to his report date, Defendant's bond was revoked.  *See United States v. Wilson*, 8:20-cr-787-DCC-1, ECF Nos. 47 at 2, 54.  While the two sentences run concurrently, Defendant's credit for this sentence began upon his sentencing in this case on December 7, 2023.  As a result, Defendant does not receive credit towards his time served in his sentence in his prior case that accrued prior to the imposition of his new sentence in this case.  Although the Court recommended to the BOP that Defendant receive credit for all time served prior to his sentence, ECF No. 453 at 2, this recommendation was in reference to any time Defendant had served related to this case, not time credited to a separate previous sentence, namely that related to his prior case 8:20-cr-787.  The Court finds no error in the BOP's calculation of Defendant's sentence.  To the extent Defendant seeks relief, his Motion is **DENIED**. The Clerk is directed to mail a copy of this order to Defendant.

    IT IS SO ORDERED.

    s/ Donald C. Coggins Jr.
    UNITED STATES DISTRICT JUDGE

Spartanburg, South Carolina

February 18, 2025